UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THEODORE SETTLES,

        Petitioner,                                    Case Number: 06-10496

v.                                                     HONORABLE AVERN COHN

BLAINE LAFLER,

        Respondent.
_____/

## ORDER
## DENYING PETITIONER'S MOTION FOR A CERTIFICATE OF APPEALABILITY

                                                    I.

This is a habeas case under 28 U.S.C. § 2254. Petitioner Theodore Settles (Petitioner) is a state prisoner convicted of two counts of first degree criminal sexual conduct (CSC) and three counts of second degree CSC for which he is serving a sentence of 10-20 years on the first degree CSC convictions and 5-15 years on the second degree CSC convictions. Petitioner filed a pro se petition for a writ of habeas corpus claiming that he is incarcerated in violation of his constitutional rights. He specifically claimed that (1) he was deprived his right to counsel when the trial court failed to appoint substitute counsel to represent him, (2) he was deprived of the effective assistance of trial counsel because counsel failed to (a) properly conduct jury selection, (b) object to the late disclosure of discovery, (c) challenge the admission of the DNA evidence, (d) seek a probable cause hearing, (e) seek a defense expert, (f) object to irrelevant evidence, and (g) seek lesser included offense instructions.

The matter was referred to a magistrate judge for all proceedings, including

preparation of a report and recommendation (MJRR). Petitioner filed several motions before the magistrate judge, including (1) a motion for additional Rule 6 materials, (2) a motion to amend, and (3) a motion for discovery. On January 29, 2008, the magistrate judge issued an order denying the motions. Also on that date, the magistrate judge issued an MJRR in which he considered Petitioner's claims on the merits and recommends that the petition be denied. Petitioner objected to the MJRR. The Court found that the magistrate judge did not err in recommending that the petition be denied. Accordingly, the Court adopted the MJRR, denied Petitioner's motions, and dismissed the case. See Order filed February 21, 2008.

Petitioner then filed a paper styled "Petitioner's Motion to Amend Objection," in which he essentially again argued that he is entitled to habeas relief on his claims. The Court construed the paper as a motion for reconsideration and denied the motion. See Order filed March 4, 2008.

Before the Court is Petitioner's motion for a certificate of appealability (COA), requesting a COA issue on two of his claims of ineffective assistance pertaining to trial counsel's failure to challenge the DNA evidence or seek a defense DNA expert.

II.

Before Petitioner can appeal the Court's decision, a certificate of appealability (COA) must issue. See 28 U.S.C. § 2253(c)(1) and Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where, as here, a petition is rejected on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or

wrong." 120 S. Ct. at 1604.  The Supreme Court has also explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims."  Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).  "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'"  A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail."  Id. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA.  See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam).  Moreover, where, as here, a petitioner files a notice of appeal, the Court must issue a order granting or denying a COA.  Castro v. United States, 310 F.3d 900 (6th Cir. 2002) (per curiam).

III.

]       Petitioner seeks a COA on two of the several claims related to his trial counsel's alleged ineffectiveness.  The magistrate judge addressed Petitioner's ineffective assistance of counsel claims relating to trial counsel's challenge to the DNA evidence or seek a DNA expert in detail and fully explained why Petitioner failed to show that these claims merited habeas relief.

Petitioner has filed a detailed motion and brief in support of a COA as well as a separate paper styled "Statement of Fact in Support of Appeal."  Having reviewed Petitioner's papers, Petitioner's request for a COA fails to convince the Court that reasonable jurists would debate these conclusions.  Accordingly, Petitioner's motion for

a COA is DENIED.

    SO ORDERED.

                                                     s/Avern Cohn
                                                   AVERN COHN
                                                   UNITED STATES DISTRICT JUDGE

Dated: March 24, 2008

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Theodore Settles, 454484, St. Louis Correctional Facility, 8585 N. Croswell Road, St. Louis, MI 48880 on this date, March 24, 2008, by electronic and/or ordinary mail.

                                                   s/Julie Owens
                                                   Case Manager, (313) 234-5160